UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| SUSAN CAROL NIELSEN, | No. 3:11-cv-03379 LB |
| Plaintiff, | **ORDER GRANTING IN PART MS. NIELSEN'S MOTION FOR ATTORNEY'S FEES AND COSTS** |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | [Re: ECF No. 48] |
| Defendant. | |

## INTRODUCTION

In this action, Plaintiff Susan Nielsen sought judicial review of a final decision by the Commissioner of Social Security Administration[1] that denied her Social Security Income disability benefits for her claimed disability of degenerative disc disease, hydrocephalus with associated epilepsy and imbalance, obesity and alcohol dependence. (Complaint, ECF No. 1[2])  After considering the administrative record and the applicable authority, the court granted in part Ms. Nielsen's motion for summary judgment and remanded the action to the Social Security

---

[1] At the time this action was filed, Michael Astrue, who was at that time the Commissioner, was named as the Defendant. Carolyn Colvin, the Acting Commissioner, has now been substituted as the Defendant.

[2] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

No. 3:11-cv-03379 LB
ORDER

Administration for further proceedings regarding Ms. Nielsen's residual functional capacity. (9/24/2015 Order, ECF No. 44.) Ms. Nielsen now moves, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for attorney's fees and costs. (Motion, ECF No. 48.) The Commissioner opposes the motion. (Opposition, ECF No. 49.) Upon consideration of the papers submitted and the applicable authority, the court grants in part Ms. Nielsen's motion.

**STATEMENT**

Ms. Nielsen applied for disability benefits on February 24, 2009. (Administrative Record ("AR") 176.) She alleged that she had been disabled since May 22, 2007 as a result of six herniated discs in her neck. (AR 179.) The Commissioner denied her application both initially and upon reconsideration. (AR 105-108, 110-14.) On September 28, 2009, Ms. Nielsen timely requested a hearing before an ALJ. (AR 118-19.) ALJ John Price conducted a hearing on June 1, 2010, in San Rafael, California. (AR 25.) The ALJ issued an order on July 28, 2010, denying benefits. (AR 33.) The ALJ found that Ms. Nielsen had four severe impairments: degenerative disc disease of the cervical spine status post fusion in 1998; hydrocephalus with associated epilepsy and imbalance; obesity; and alcohol dependence. (AR 27.) Nevertheless, the ALJ then found that she had not been under a disability at any time from May 22, 2007, the alleged onset date, through July 28, 2010, the date of the opinion. (AR 32-33.) The Appeals Council denied her request for review on May 27, 2011. (AR 5.)

On July 8, 2011, Ms. Nielsen timely sought judicial review of the final decision denying her Social Security Income disability benefits. (Complaint, ECF No. 1.) In her motion for summary judgment, Ms. Nielsen argued that remand was warranted: (1) under sentence six[3] of 42 U.S.C. § 405(g) because she was subsequently awarded Social Security Income disability benefits with respect to separate application for disability supplemental security income based on an onset date of

---

[3] Sentence six provides in relevant part: "The court . . . may at any time order additional evidence to be taken before the commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ." 42 U.S.C. § 405(g).

No. 3:11-cv-03379 LB
ORDER   2

disability of July 14, 2011; and (2) under sentence four[4] of 42 U.S.C. § 405(g) because the ALJ did not properly consider the testimony of the physicians who treated and examined her when determining her residual functional capacity and then improperly discounted her own testimony about the intensity, persistence, and limiting effect of her symptoms to the extent it was inconsistent with the ALJ's (erroneous) residual functional capacity determination. (Summary Judgment Motion, ECF No. 22; Supplemental Motion, ECF No. 41.)

In its September 24, 2014 order, although the court rejected Ms. Nielsen's arguments regarding a sentence four remand, it did conclude that a sentence six remand was warranted. (9/24/2015 Order, ECF No. 44.) While the court concluded that the ALJ properly rejected the opinion of her treating physician, Dr. Mendius, that she was permanently disabled, the court also concluded that the ALJ's residual functional capacity finding nevertheless was lacking for two reasons. (*Id.* at 23-28.) First, the ALJ did not include findings about Ms. Nielsen's abilities to sit, push, or pull in his residual functional capacity assessment, as required by Social Security Ruling ("SSR") 96-8P and 20 C.F.R. § 404.1545(b). (*Id.* at 24, 28.) SSR 96-8P says: "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, <u>including the functions in paragraphs (b)</u>, (c), and (d) of 20 CFR 404.1545 and 416.945. <u>Only after that may RFC be expressed in terms of the exertional levels of work</u>, sedentary, light, medium, heavy, and very heavy." (Emphasis added.) 20 CFR 404.1545(b), in turn, says: "When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis. A limited ability to perform certain physical demands of work activity, such as <u>sitting</u>, standing, walking, lifting, carrying, <u>pushing</u>, <u>pulling</u>, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching),

---

[4] Sentence four provides that "[t]he [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. . . ." 42 U.S.C. § 405(g). "A sentence four remand has thus been characterized as essentially a determination that the agency erred in some respect in reaching a decision to deny benefits." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996)).

may reduce your ability to do past work and other work." (Emphasis added.) Given that Ms. Nielsen testified that she was not able to sit for more than 45 minutes without pain, and Dr. Mendius's evaluation finding that Ms. Nielsen could sit for only four hours and could never push or pull, the court concluded that the ALJ needed to have made findings on these limitations as part of his residual functional capacity assessment. (*Id.* at 28.)

Second, the ALJ did not sufficiently explain or support some of Ms. Nielsen's limitations. The ALJ found that Ms. Nielsen could stoop, kneel, and crouch occasionally, but this limitation was inconsistent with her treating physician's (Dr. Mendius) opinion that she should never stoop, kneel, crouch, or crawl, and the ALJ never explained how he resolved this inconsistency. (*Id.* at 27.)

The court also concluded that the ALJ did not sufficiently explain the basis for his rejection of Ms. Nielsen's testimony. (*Id.* at 29-30.) The court determined that the ALJ was within his discretion to find that her testimony about her falls her ability to drive was not credible, but it also stated that this finding did not necessarily undermine her testimony about her pain and other physical limitations, which did have some independent corroboration in the record. (*Id.* at 30.)

In light of these errors, the court granted in part Ms. Nielsen's motion, remanded the action under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the court's order. (*Id.*) The court then entered judgment in favor of Ms. Nielsen and against the Commissioner. (Judgment, ECF No. 45.)

Thereafter, Ms. Nielsen timely moved, pursuant to the EAJA, 28 U.S.C. § 2412(d), to recover 13,312.99 in attorney's fees and costs.[5] (Motion, ECF No. 48; Reply, ECF No. 50.) The Commissioner timely opposed the motion. (Opposition, ECF No. 49.)

---

[5] Attorney fees and costs are awardable under the EAJA to the prevailing claimant in a case involving review of a denial of Social Security benefits. *See Sullivan v. Hudson*, 490 U.S. 877, 883-85 (1989); *Shalala*, 509 U.S. at 295-97; *Wolverton v. Heckler*, 726 F.2d 580, 582 (9th Cir. 1984). An application for them must be filed within 30 days after the judgment is final and not appealable. 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G). Judgment was entered on September 24, 2014, and it became final on November 23, 2014. Ms. Nielsen timely filed her motion on December 22, 2014.

No. 3:11-cv-03379 LB
ORDER                                                      4

**ANALYSIS**

**I. LEGAL STANDARD**

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To be considered a prevailing party eligible to receive an award of attorney fees under the EAJA, the party must have received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H). A claimant who receives a sentence four remand order in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Shaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995).

The burden of proof that the government's position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "A substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Establishing that a position was substantially justified is a two-step process. 28 U.S.C. § 2412(d)(2)(D); *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998). First, the defendant must show that "the action or failure to act by the agency" was substantially justified. *Kali*, 854 F.2d at 332. Second, the defendant must show that the government was substantially justified in defending the validity of the civil action. *Id.*

Recoverable fees and expenses include reasonable expenses of expert witnesses, reasonable costs of any study, analysis, report, test, or project found by the court to be necessary for the prevailing party's case, and reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). Attorney fees may not be awarded in excess of $125 per hour unless the court determines that a higher fee is justified by either an increase in the cost of living or a special factor (such as the limited availability of qualified attorneys for the proceeding involved). *Id.* Furthermore, a party may recover the filing fee for the

1 action. 28 U.S.C. § 2412(a)(2). The prevailing party has the burden of proof that fees awarded
2 under the EAJA are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983).

**II. APPLICATION**

For EAJA purposes, Ms. Nielsen is the prevailing party in this action because the court granted in part his motion for summary judgment and remanded the case to the Social Security Administration for further proceedings. *Shaefer*, 509 U.S. at 301-02; *Flores*, 49 F.3d at 568. Thus, he should be awarded reasonable attorney fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner argues that substantial justification exists and that Ms. Nielsen's motion for fees should be denied. But if the fees are awarded, the Commissioner argues that they must be reduced.

**A. The ALJ's Decision Was Not Substantially Justified**

Upon consideration of the Commissioner's arguments, the court does not believe that she has met her burden to show that the ALJ's decision was substantially justified or that she was substantially justified in defending the validity of the ALJ's decision. *See Kali*, 854 F.2d at 332.

The Commissioner first points out that Ms. Nielsen is not entitled to attorney's fees simply because she is the prevailing party and that the Commissioner's position may be substantially justified even though the court ruled in Ms. Nielsen's favor. (Opposition, ECF No. 49 at 2-3.) This is true as far as it goes but it does nothing to show that substantial justification actually exists.

To do that, the Commissioner's first must show that "the action or failure to act by the agency" was substantially justified. *Kali*, 854 F.2d at 332. In the Ninth Circuit, the "action or failure to act by the agency" is the ALJ's decision. *Meier v. Colvin*, 727 F.3d 867, 870-72 (9th Cir. 2013) (citations omitted). In other words, the Commissioner must show that the ALJ's decision was substantially justified. *See id.* at 872.

In that regard, the Commissioner argues that the ALJ's residual functional capacity assessment was reasonable and therefore was substantially justified. (Motion, ECF No. 49 at 5-8.) She contends that "the ALJ performed a proper assessment of all of [Ms. Nielsen's] physical abilities when he discussed the overall record, which the ALJ is required to [do] under the regulations." *Id.*

No. 3:11-cv-03379 LB
ORDER                                                6

at 5 (internal and external citations omitted). But this was not the problem. The court acknowledged in its summary judgment order that, in determining Ms. Nielsen's residual functional capacity, the ALJ considered all of Ms. Nielsen's symptoms and how consistent they were with the objective medical evidence and the opinion evidence. (9/24/2014 Order, ECF No. 44 at 16.) The problem was that, after considering the evidence, the ALJ still did not include findings about Ms. Nielsen's ability to sit, push, or pull in his residual functional capacity assessment. The Commissioner argues that this does not matter because the ALJ later equated Ms. Nielsen's residual functional capacity with a "light" exertional level, and that level, under the applicable regulation, "involves sitting most of the time with some pushing and pulling of arm or leg controls." (Opposition, ECF No. 49 at 8 (citing 20 C.F.R. § 404.1567(b)).) Even so, the ALJ still erred by not following the proper procedure, which is clearly set forth in SSR 96-8P. That ruling required the ALJ to have identified Ms. Nielsen's limitations, including her abilities to sit, push, and pull, and to have assessed those abilities, on a function-by-function basis, before expressing her residual functional capacity in terms of an exertional level. That the ALJ assigned Ms. Nielsen an exertional level that includes sitting, pushing, and pulling limitations does not avoid this procedural error.

And that's what this was—a procedural error. *See Lloyd v. Astrue*, No. C-11-4902 EMC, 2013 WL 503389, at *9 (N.D. Cal. Feb. 8, 2013) (noting that "SSR 96-8p outlines procedures for determining a claimant's RFC and applying it to a claimant's past relevant work"). This matters because the Ninth Circuit has made clear that "basic and fundamental" procedural errors are difficult to justify. *See Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998) (finding no substantial justification where the ALJ failed to determine whether the claimant's testimony regarding "excess pain" that she suffered as a result of her medical problems was credible, and whether one of her doctors — who had ordered her to lift no more than five pounds — had intended the lifting restriction to be temporary or permanent); *Gutierrez*, 274 F.3d at 1259 ("'[F]inding that an agency's position was substantially justified when the agency's position was based on violations of . . . the agency's own regulations, constitutes an abuse of discretion.'") (quoting *Mendenhall v. NTSB*, 92 F.3d 871, 874 (9th Cir. 1996) (holding that NTSB abused its discretion by finding FAA position substantially justified where it had violated its own policy orders); *see also Sampson v. Chater*, 103

F.3d 918, 921-22 (9th Cir. 1996) (finding no substantial justification where the ALJ failed to make necessary inquiries of the claimant and his mother and neglected to adequately examine evidence); *Flores*, 49 F.3d at 569-71 (holding that the government's decision to oppose claimant's remand request on appeal was not substantially justified when the ALJ failed to consider a "vocational report" bearing on the issue of disability). Following this authority, the court finds that the ALJ's failure to include findings about Ms. Nielsen's abilities to sit, push, or pull in his residual functional capacity assessment, as required by SSR 96-8P and 20 C.F.R. § 404.1545(b), was not substantially justified.[6]

The Commissioner also argues that the ALJ was substantially justified in discounting Ms. Nielsen's testimony about her pain and other physical limitations. (Motion, ECF No. 49 at 9-12.) She states that, as permitted under 20 C.F.R. § 404.1529, "the ALJ identified several reasons for finding [Ms. Nielsen's] testimony not credible[,] including the inconsistencies between [Ms. Nielsen's] objective medical record and the alleged impairments; the alleged impact of those impairments; [Ms. Nielsen's] conservative and effective treatment; [Ms. Nielsen's] motivation to work; as well as [Ms. Nielsen's] acknowledged activities of daily living." (*Id.* at 9 (internal citation omitted).) This misses the point, too. The court acknowledged in its summary judgment order that the ALJ identified several reasons for finding Ms. Nielsen's testimony not credible. (9/24/2014 Order, ECF No. 44 at 29.) The court, however, went on to explain that, while these reasons may have supported the ALJ's decision to discount Ms. Nielsen's testimony about her falls her ability to drive, they did not necessarily support his decision to discount Ms. Nielsen's testimony about her pain and other physical limitations, which had some independent corroboration in the record. (*Id.* at 30.) This matters because disregarding competent law witness testimony, such as testimony by a claimant about her symptoms or how her impairments affect her ability to work, without comment is legal error which lacks substantial justification. *See Tobeler v. Colvin*, 749 F.3d 830, 833-34 (9th

---

[6] The Commission goes on to argue that it was substantially justified in defending the validity of the ALJ's residual functional capacity assessment, but because the court finds that the ALJ's residual functional capacity assessment itself was not substantially justified, the court need not address whether the Commissioner's litigation position on this issue also was substantially justified. *See Meier*, 727 F.3d at 872 (citations omitted).

No. 3:11-cv-03379 LB
ORDER                                   8

Cir. 2014). The court thus finds that the ALJ's discounting of Ms. Nielsen's testimony about her pain and other physical limitations was not substantially justified.[7]

Because the court finds that the ALJ's decision was not substantially justified, the court concludes that Ms. Nielsen is entitled to an award of attorney's fees and costs under 28 U.S.C. § 2412(d)(1)(A).

### B. Most of the Fees and Costs Requested Are Reasonable and Recoverable

Now that the court has determined that Ms. Nielsen is entitled to an award of attorney's fees and costs, the court must determine whether the amount of fees she requests is reasonable. Ms. Nielsen has the burden to show that fees she requests are reasonable. *See Hensley*, 461 U.S. at 434, 437.

#### 1. Ms. Nielsen's Requested Attorney's and Paralegal's Fee Rates Are Reasonable

Under the EAJA, attorney's fees may not be awarded in excess of $125 per hour, unless the court determines a higher fee is justified by an increase in the cost of living, or a special factor exists. 28 U.S.C. § 2412(d)(2)(A). Including adjustments for cost of living increases[8], Ms. Nielsen requests the following fee rates for her counsel Robert Weems: $180.59 per hour for work in 2011; $184.32 per hour for work in 2012; and $187.02 per hour for work in 2014.[9] (Motion, ECF No. 48 at 7; Weems Decl., ¶¶ 7-10 & Ex. 1, ECF No. 48 at 11-15.) Ms. Nielsen also requests the following fee rates for paralegal Andrew Ragnes: $110.00 per hour for work in 2011 and 2012; and $120.00 per hour for work in 2013 and 2014. (Motion, ECF No. 48 at 7; Weems Decl., ¶ 11 & Ex. 1, ECF No. 48 at 12-15.) The Commissioner does not challenge the requested fee rates. (*See* Opposition, ECF No. 49 at 12-17.) The court also notes that Ms. Nielsen's requested fee rates do not exceed the statutory maximum annual fee rates for 2011, 2012, 2013, or 2014. (*See* Statutory Maximum Rates

---

[7] Because the court finds that the ALJ's discounting of Ms. Nielsen's testimony was not substantially justified, the court need not address whether the Commissioner's litigation position on this issue also was substantially justified. *See Meier*, 727 F.3d at 872 (citations omitted)

[8] The method for calculating the cost of living adjustment is set forth in *California Marine Cleaning Service v. U.S.*, 43 Fed. Cl. 724 (1999).

[9] Although he never states it explicitly, the court notes that Mr. Weems is not requesting attorney's fees for work her performed in 2013, which is why he does not request a fee rate for that year. (*See* Motion, ECF No. 48 at 7; Weems Decl., Ex. 1, ECF No. 48 at 14-15.)

No. 3:11-cv-03379 LB
ORDER                                                             9

1  Under the Equal Access to Justice Act, *at*

2  http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (May 7, 2015). Accordingly,

3  the court finds the claimed fee rates to be reasonable.

### 2. Ms. Nielsen's Claimed Hours

Ms. Nielsen requests fees based on 65.2 hours by Mr. Weems and Mr. Ragnes. (Weems Decl., Ex. 1, ECF No. 48 at 13-15.) The Commissioner challenges many of these hours and argues that only 38.7 hours were reasonably spent and recoverable. (Opposition, ECF No. 49 at 12-17.)

The Commissioner first says that 2.3 hours should be deducted because Mr. Weems and Mr. Ragnes were doing clerical or secretarial work which is not recoverable. (*Id.* at 14.) The tasks the Commissioner cites, however, are not clerical ones. Drafting and filing a request for reassignment to a district judge, correcting filings, and reviewing the docket for an action are all things that are required in action. These tasks may be easy, and they not require legal expertise, but that does not transform the tasks into clerical ones.

The Commissioner next says that 0.7 hours should be deducted because the Commissioner should not be billed for the time Mr. Weems and Mr. Ragnes spent conferring about and filing a motion seeking an extension of time to file Ms. Nielsen's summary judgment motion due to counsel's busy schedule and having taken on the case from another attorney who died. (*Id.*) The court agrees with the Commissioner: the Commissioner should not have pay for Ms. Nielsen's counsel's efforts in this regard. The court will reduce the award by $66.00, which stems from 0.7 hours expended on December 19, 2011 and December 28, 2011.

The Commissioner also says that Ms. Nielsen should not recover fees in relation to time spent on so-called "unsuccessful tasks." (*Id.* at 15-17.) The Commissioner first challenges 9.0 hours that Mr. Weems spent reviewing, revising, and proofreading Ms. Nielsen's summary judgment motion. The Commissioner believes that 9.0 hours is excessive in light of the numerous errors contained in that motion. The court agrees that 9.0 hours was more than enough time to make sure that the motion was perfect, but the court does not believe that all 9.0 hours should be reduced. After all, a lawyer does not review and revise a motion simply to check for and correct typographical mistakes; the review and revision is largely for more substantive concerns, and the court believes that most of 9.0

hours was spent in that regard. Accordingly, given the errors contained in Ms. Nielsen's summary judgment motion, the court will reduce the award by $184.32, which is Mr. Weems's rate for work in 2012.

The Commissioner next challenges 9.1 hours that Mr. Weems and Mr. Ragnes spent in relation to Ms. Nielsen's reply in response to the Commissioner's opposition and cross-motion for summary judgment. (*Id.* at 16.) The Commissioners says that Ms. Nielsen impermissibly raised a new argument in this brief and that, because Mr. Weems did not separate his billable time between his work on arguments in response to the Commissioner's opposition and cross-motion and his work on the new, impermissible argument, the court should simply deduct all of the time spent on the reply. The court will not do this. The time spent on Ms. Nielsen's reply was legitimate, and Mr. Weems cannot be expected to bill his time separately for each particular argument made in a brief.

In addition, the Commissioner challenges 12.5 hours that Mr. Weems and Mr. Ragnes spent in relation to the supplemental briefing that the court found would be helpful and ordered the parties to submit. (*Id.*) The Commissioner notes that the court ultimately found Ms. Nielsen's arguments in her supplemental brief to be unavailing, but this does not mean that she should not recover the fees accrued in relation to it. It is true that the United States Supreme Court stated in *Hensley* that "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." 461 U.S. at 440. But there, the Court distinguished between whether a plaintiff receives his or her desired relief and whether the plaintiff wins on all his or her theories in support of that relief. Indeed, the Court stated:

> Where a plaintiff has obtained excellent results . . . the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. . . . Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

461 U.S. at 435 (citation omitted). Here, the Commissioner does not argue that Mr. Stevenson did not obtain the result that he desired, namely, a remand. Rather, she merely points out that Ms. Nielsen did not win on all of his arguments, but this, on its own, does not support a reduction in fees. *See id*. "The result is what matters," and Ms. Nielsen got what he wanted.

The Commissioner also says that Ms. Nielsen should not recover fees in relation to 18.2 hours

1 that Mr. Weems and 8.5 hours that Mr. Ragnes spent on Ms. Nielsen's motion and reply regarding her fee request. (Opposition, ECF No. 49 at 17.) For those briefs, Ms. Nielsen seeks $3,359.10 in attorney's fees and $1,020.00 in paralegal's fees. Here, the court has determined, on the basis of her briefs, that Ms. Nielsen's request for fees should be granted. The time Mr. Weems and Mr. Ragnes spent on those briefs is reasonable.

Finally, the Commissioner also challenges Ms. Nielsen's claimed costs. Specifically, the Commissioner notes that Ms. Nielsen seeks $25.80 for Westlaw research conducted by Mr. Ragnes on May 29, 2012 and June 4, 2012. (*Id.* at 14.) The Commissioner argues that this is unexplained time, but its appears from the billing invoice that the amount is a cost, not a fee based on work at a certain rate. Thus, there is no number of hours spent. In any case, the court finds this cost reasonable and recoverable.

In sum, most of Ms. Nielsen's requested fees are reasonable and recoverable. She asks for $13,312.99, but the court reduces this amount by $250.32 ($66 plus $184.32). The court thus awards Ms. Nielsen $13,062.67 in fees and costs.

### 3. The Fees and Costs Are Awarded to Ms. Nielsen Directly

Ms. Nielsen requests that the payment of attorney fees be made directly to her attorney based on a fee assignment. (Motion, ECF No. 48 at 9; Reply, ECF No. 50 at 18.) Ms. Nielsen, however, does not provide an fee assignment agreement between her and her counsel, so there is nothing in the record to support this request. Even so, as the Commissioner points out, such as request is contrary to the EAJA and *Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521 (2010). In *Ratliff*, the United States Supreme Court "resolved a longstanding circuit split on the question of whether fee awards under EAJA were payable to the party or the attorney by holding that EAJA awards are to be paid to the prevailing litigant." *United States v. $186,416.00 in U.S. Currency*, 642 F.3d 753, 755 (9th Cir. 2011) (citing *Ratliff*, 130 S.Ct. at 2525-29). The Court based its decision, in part, on the specific language in EAJA directing payments to the "prevailing party, which is " a 'term of art' that refers to the prevailing litigant." *Ratliff*, 130 S.Ct. at 2525. But as the Ninth Circuit has explained:

> The Court's decision in *Ratliff* did not stop there, however. It went on to highlight the absence of language in EAJA explicitly directing fees to attorneys. Comparing EAJA with a provision in the Social Security Act making fee awards payable "to such attorney," *see* 42 U.S.C. § 406(b)(1)(A), the Court concluded that

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

"given the stark contrast between the SSA's express authorization of direct payments to attorneys" and the absence of such language in EAJA, it would not interpret EAJA to "contain a direct fee requirement absent clear textual evidence supporting such an interpretation." *Ratliff*, 130 S.Ct. at 2527–28. As the Court noted, Congress "knows how to make fees awards payable directly to attorneys where it desires to do so." *Id.* at 2527.

*Ratliff* counsels that in the absence of explicit instructions from Congress awarding fees to the attorney, direct payment to the attorney should not be presumed. *Id.*

*$186,416.00 in U.S. Currency*, 642 F.3d at 755-56.

Ms. Nielsen is the prevailing party in this case. Accordingly, under *Ratliff*, Ms. Nielsen, and not her attorney, is entitled to the direct payment of the EAJA award. *See Smith v. Astrue*, No. C 10–4814 PJH, 2012 WL 3114595, at *5-6 (N.D. Cal. July 31, 2012) (ordering fees to be paid directly to plaintiff, regardless of fee assignment).

## CONCLUSION

For the reasons stated above, the court grants in part Ms. Nielsen's motion and awards her $13,062.67 in fees and costs.

**IT IS SO ORDERED.**

Dated: May 8, 2015

_____
LAUREL BEELER
United States Magistrate Judge