United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SUSAN CAROL NIELSEN,<br><br>                    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br><br>                    Defendant. | Case No. 3:11-cv-03379-LB<br><br>**ORDER GRANTING THE PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: ECF No. 30 |

## INTRODUCTION

In this Social Security appeal, the court previously granted in part the plaintiff's motion for summary judgment and remanded the action to the Social Security Administration for further proceedings.[1] On remand, she was awarded past-due benefits. Her counsel now seeks 25% of those benefits pursuant to 42 U.S.C. § 406(b) and the representation agreement with her.[2] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the November 3, 2016 hearing. The court grants the motion.

---

[1] *See* Order — ECF No. 44. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] Motion for Attorney's Fees — ECF No. 48.

ORDER (No. 3:11-cv-03379-LB)

**STATEMENT**

The Commissioner withheld 25% of the retroactive benefits, or $19,472.25 (comprised of $5,095.25 plus $14,377).[3] The plaintiff's attorney already received $13,062.67 in fees under the Equal Access to Justice Act ("EAJA"), which results in a net fee of $6,409.58.[4]

The plaintiff has a fee agreement with her lawyer that provides for a 25% section 406 contingency fee.[5] The Commissioner does not oppose the fee award and takes no position regarding the reasonableness of the fees.[6]

**ANALYSIS**

42 U.S.C. § 406(b) provides, in relevant part, that "[w]henever a court renders a judgment favorable to a [social security] claimant . . . , the court may determine and allow as part of its judgment a reasonable fee" for the claimant's counsel, which can be no more than 25% of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25% fee based upon any past-due benefits awarded on remand. *See*, *e.g.*, *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc).

In considering a motion for attorney's fees under section 406(b), the court must review counsel's request "as an independent check" to ensure that the contingency fee agreement "yield[s] reasonable results." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–09. To evaluate the reasonableness of a fee request under section 406(b), the court should consider the

---

[3] *See* ECF No. 52-3 at 6, 13.

[4] Motion — ECF No. 52 at 1, 4–5.

[5] Fee Agreement — ECF No. 52-1 at 1.

[6] Defendant's Statement of Non-Opposition — ECF No. 54.

ORDER (No. 3:11-cv-03379-LB)

United States District Court
Northern District of California

character of the representation and the results achieved. *Id.* at 808; *see also Crawford*, 586 F.3d at 1151. This includes analyzing whether substandard representation justifies awarding less than 25% in fees; any delay in the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are out of proportion to time spent on the case; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151–52 (citing *Gisbrecht*, 535 U.S. at 808).

The court must offset an award of section 406(b) attorney's fees by any award of fees granted under the EAJA. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

The court finds that the fee request is reasonable. The 25% contingency fee agreement is within section 406(b)(1)(A)'s statutory ceiling. The work was reasonable given the favorable outcome and the time spent is not out of proportion to the fee award.

## CONCLUSION

The court finds that fees of $19,472.25 are reasonable under Section 406(b), reduces the award by the $13,062.67 in EAJA fees, and authorizes a net fee award of $6,409.58.

**IT IS SO ORDERED.**

Dated: October 24, 2016

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California